And Ms. Watson, can we call our first case, please? All right, will counsel on Alvin Brown please approach? And please tell us who you are and who you represent. I'm Katie Anderson on behalf of the State Appellate Defender and Alvin Brown. All right, and Ms. Anderson, how much time would you like? Probably about 10-15 minutes. I'd like to reserve five minutes for rebuttal, please. Okay. Fifteen minutes. Fifteen minutes. All right. And whenever you – keep in mind that we have read the briefs. We are familiar with the facts and the issues that you've raised and proceed accordingly. And Ms. Anderson, whenever you're ready. Thank you, Your Honor. May it please the Court. My name is Katie Anderson, and on behalf of the State Appellate Defender, I represent Alvin Brown. This Court should suppress the results of Officer Robert's search and vacate Brown's conviction for possession of one pill of a controlled substance. Robert's mistaken belief that Brown was drinking on the public way was unreasonable because privately owned gas station parking lots are not part of the public way pursuant to Chicago's municipal code and police directives. Okay, so the police directives were not presented to the trial court, correct? That is correct. And whose burden of proof was it to show that Mr. Brown was not drinking on a public way? Well, in terms of what the burden of proof as to whether he was drinking on the public way, he wasn't actually ultimately charged with that offense. But that's the – as I understand the burden of proof, Mr. Brown comes in and says, I was arrested without a warrant, okay? Burden of production shifts to the State. The State says he was arrested without a warrant because he was drinking on the public way. Back to Mr. Brown. Mr. Brown says, I wasn't on the public way. So whose burden is it to show that he wasn't on the public way? It is Brown's burden to show that he either was not drinking on the public way or that Officer Roberts' belief that he was drinking on the public way was unreasonable. And while the police directives were not presented to the trial court, this court can still consider them for several reasons. We did request in the opening brief, as you know, that this court take judicial notice of the police directives pursuant to Illinois Supreme Court Rule of Evidence 201. We also cited several cases where this court, on appeal, has taken judicial notice of either administrative or fire department rules and regulations, even though those administrative rules and regulations were not presented to the trial court. Were those regulations taken judicial notice of in a case where we reversed? I don't recall the outcome of either of the cases. Does it make a difference? I don't think it makes a difference. What makes a difference is whether this court can consider the additional material in reaching their decision. And in this case, we argue that they can. And furthermore, the state has failed to address or distinguish the cases that we cited in our opening brief that say that this court can take judicial notice of the directives. Furthermore, the directives here are consistent with the municipal code. So even if this court does not consider the Chicago police directives, the code itself still indicates that Officer Roberts' belief was unreasonable. So we should reverse either? Your position is we reverse either way, whether we let that in by judicial notice or not. That is correct. And our position is also that when we are considering the perspective of a reasonable police officer, a reasonable police officer would know and follow the Chicago Police Department rules and regulations. So the Chicago Police Department rules, regulations, and directives have a direct bearing on whether Officer Roberts' mistaken belief that Brown was on the public way was, in fact, reasonable. What about the fact that the officer had been called to that area many times and had apparently previously arrested individuals for drinking and other activity at the same gas station? That is not relevant to the officer's reasonable belief here, because the officers all testified that they had not received any calls from the gas station that evening that would indicate that Brown or the other men he was with were trespassing or otherwise engaged in unlawful activity. And because a gas station is privately owned, they were allowed to be there unless the police received a call that would indicate they were trespassing. So that's not relevant as to Officer Roberts' belief regarding Brown. However, the fact that the police officers did receive prior calls about drinking at the gas station does indicate that this was not a new situation that they were suddenly confronting in the field. They certainly had time to determine whether the gas station parking lot was the public way or not well in advance of seeing Mr. Brown and the gas station parking lot this evening because it's a situation that they had encountered previously. So you differentiate the situation where someone at the gas station calls the police and asks them to come on their property because somebody's drinking as opposed to this situation where there was no call and police did this on their own? That is correct. That is certainly a different situation. If someone from the gas station had called the police that evening and said, hey, there are these guys drinking at the gas station, we don't want them here, then the police would have had every right to arrest Mr. Brown because he would have been trespassing. But here the police had no indication whatsoever that Mr. Brown and the other men he was with were indeed trespassing. And getting to Justice Mason's question, the burden of proof to show that the arrest, the initial arrest was okay would have been with the state because it would have been an element of the violation of the Chicago Ordinance, that it was a public way. So the state had to show this is a public way, and they did not. Is that correct? That is correct. That is correct, Your Honor. The Chicago Municipal Code very clearly defines public way. It is a sidewalk, street, alley, highway, or public thoroughfare. And because the drafters of the code chose to define public way with the list, anything that is not on that list is not part of the public way. Go ahead. Public thoroughfare, I guess that's what we're left with. And the argument of the state is that people use the gas station to, the public uses the gas station, drives through the gas station a lot. Members of the public are there all the time by these. Members of the public don't drive through the gas station in the same manner as you would, for example, a street or a highway. How do we know that? Well, for example, the Chicago Municipal Code actually prohibits driving through private property to escape use of a traffic control device. I know that. People drive down my alley all the time. They use it as a throughway, and the Municipal Code says you can't do that. How do we know, based on this record, that people didn't typically drive through that gas station parking lot to escape the light at the corner? Well, I think the problem is really we don't know, based upon this record, that they did. When you think of the nature of a gas station, people pull into the gas station. They stop. They conduct business there. You know, usually they get gas, so sometimes they don't even have to go into the building. But a gas station parking lot is like any other business parking lot. Someone pulls in the parking lot, they stop, they do business, and they leave. It's not designed to be used as a street or an alley. And even if members of the public were using the gas station lot impermissibly, that doesn't transform private property into a public way. So what about Relwani? I'm sorry, what? What about Relwani? Relwani says a guy is behind the wheel of his car in a Walgreens parking lot. He says, it's private property. You can't charge me with DUI. And the Supreme Court said, you know, it might seem obvious that this is not a public highway, which was the language of the DUI statute, but it was the petitioner's burden who was seeking to rescind his summary suspension to show that it was not a public highway, and he didn't do it. All he said was, I was in a Walgreens parking lot. What more did Mr. Brown do in this case? Well, Relwani is distinguishable for several reasons. First of all, Relwani was a case that addressed the Illinois Vehicle Code. So that addressed the definition of public highway under the Illinois Vehicle Code, not public way under the Chicago Municipal Code. Under the Illinois Vehicle Code, a property is a public highway within the meaning of that statute if it's both publicly maintained and open to use for the vehicle public or part of a school zone. But in that case, the defense presented absolutely no evidence regarding their burden of proof. Here, the burden of proof was on the state to prove that the gas station parking lot was in fact a public way. And here it was the state that... I'm not so sure about that. I'm not so sure I agree with Justice Kuczynski on that point. Because he is saying, Mr. Brown is saying, this was a warrantless arrest. And the state says, we arrested you because you were drinking on the public way. And he says then, I was not on the public way. Isn't that part of his burden of proof, to show that he wasn't on a public way? I believe it is the... First of all, I believe it's the state's burden of proof. But even if it isn't, the evidence here simply does not show he was on the public way. Because a property is only a public highway if it's publicly maintained. And here, gas station parking lots are not publicly maintained. They're privately owned. Neither are Walgreens parking lots. I mean, we might say it. Justice Carmichael said, you know, it might seem obvious. But there's a burden here. And this petitioner didn't sustain it. You know, here, honestly, I just don't think that the evidence shows that he was drinking on the public way when he was on a privately owned gas station parking lot, when we have no proof that it actually was publicly maintained or not. I'm sorry. Go ahead. I mean, we also have the sort of commonly accepted notion that owners of private property have some obligation to monitor what's going on on their private property. And as has been pointed out, if they didn't want him standing there drinking, they should have called the police and said, hey, this guy's trespassing. But they have the right to say that. And the right to say that automatically means that it was private property. Because they did not have any right to stop a guy who's drinking on the sidewalk or on the curb or in the alley and call the police and say, hey, he's on our private property. You've got to arrest him. They might have called the police to alert him that he was drinking on a public way. The fact that that gas station always had the right to call the police and say, this guy's on our property, arrest him, he's drinking, we don't want him here, that defines private property. That is absolutely correct, Your Honor. The fact that the individuals who own the gas station did have the right to call the police and say, we don't want him here, it absolutely indicates that's private property. It's clearly not. Maybe they didn't care. Maybe he was a great customer. Maybe they loved him. Maybe he was a co-owner. We don't know. They didn't call the police. But the fact that they had the right to defines for us the fact that this was private property. The other thing that's important to me is the municipal code is very specific that it has to be on the public way. They created an element of that offense. And by creating the element of that offense, they made it the state's burden to prove that element. I don't think that we can shift that burden to the defendant somehow. That is absolutely correct, and I absolutely agree with you. It's the state's burden of proof here. And they did not proceed with prosecuting Mr. Brown for drinking on the public way. They ultimately dropped that charge and chose to prosecute him only for possession of a controlled substance. But the arrest itself would have been based on elements that were not proved in court. That is absolutely correct. And they would not have had the proof to prove that he had possession of a controlled substance but for the arrest for drinking on the public way, which he wasn't actually doing. Would you? Justice Mason's interested in Ohwani, so it's not really relevant. The issue, according to the opinion, is defense now seeks this court's review, asking whether the defendant was required to present affirmative evidence to make a prima facie case for recession. Does that have any relevance at all with this case? I would argue that no, it doesn't, because he simply was not drinking on the public way. The state hasn't proven that he was. This is a recession case with regard to his license and whether he was driving on the Walgreens parking lot in that far field from what we're doing here. Absolutely. That is absolutely completely a different beast. That's a statutory summary suspension hearing. Of course, the Supreme Court analogized it to motions to suppress. You can see we're having a conversation here. Yes. What's your response to Justice Mason's that they analogized it to a motion to suppress? Well, they may have analogized it to a motion to suppress. It ultimately was not a motion to suppress. It ultimately was a civil proceeding, not a criminal case, that dealt solely with someone's driving rights. Here, this is a criminal case, so we're dealing with protected liberty interests. Again, I think it's also very important that in Rolani we were dealing with the Illinois Vehicle Code. We were dealing with someone who was driving, someone who was in a vehicle. Here, we're dealing with the Chicago Municipal Code, which is also a completely different body of authority. It deals with the term public way differently than the Illinois Vehicle Code deals with public highway. That makes sense because we're dealing with someone who's standing in a parking lot, not someone who is behind a vehicle. They're very different things. As a Chicago police officer, it's very important that Officer Roberts understand the scope of the Chicago Municipal Code and how it defines public way because that's important to how he carries out so many of his duties as a police officer. Is the question of the officer's reasonable belief a question of fact? That is a question of law under Hyann.  If, for example, there was another Illinois case where the appellate court addressed the officer saw someone in a vehicle and thought that that person was the subject of a warrant, that was a mistake of fact. Here, we have a mistake of law because Officer Roberts mistakenly believed that this law applied when it didn't. If there are no further questions, I will reserve the rest of my time for rebuttal. All right. Thank you. All right. Mr. Martin. May it please the Court, Assistant State's Attorney Leroy Martin III. It is the people's position that the trial court's ruling was not manifestly erroneous, that the trial court properly denied the defendant's motion to quash and suppress. Justices, you know the facts of the case. Officers observed the defendant standing in a private parking lot, openly drinking. When they approached the defendant, they arrested him, performed a custodial search, and subsequently found him. All right. So it's a private parking lot. So how does that come under the Chicago Ordinance? So we aren't arguing that it wasn't a private parking lot. We do believe that it was a private parking lot. Our argument is that the officer reasonably believed that the private parking lot was a public way at the time. Under the Fourth Amendment, officers can make the mistake of reasonably believing that a defendant is committing a crime and still not violate the Fourth Amendment. Well, how can he believe that when the Ordinance is pretty clear that a public way, I mean, that's a mistake of law. I do agree with that. I do agree. And it would seem that the law is pretty clear. The only thing it could possibly come under is that last catch-all phrase. And I think you – how do you have it come under that last catch-all phrase? Well, Justice, I believe that in the totality of the circumstances in this particular situation, it was early in the morning, clearly wasn't light outside. The gas station is open 24 hours a day. There's constant ingress throughout the gas station. The location where the defendant was within the gas station was near parked cars, a vacuum cleaner, away from gas pumps in the station, cashier center. So we believe all of these factors taken into account, plus numerous Illinois appellate court cases where the term public way has been argued, meaning different type of meanings. We believe that these things combined in the aggregate led to the officer making a reasonable mistake under the circumstances. Can you say, Kate? Do you agree that the police directives contradict that reasonably? And as argued in our brief, Justice, we would argue that the directors were not brought at the trial court level, so therefore this court is only reviewing what was brought at that motion to suppress, and it should not be allowed to be interviewed. Did you cite a case under the Chicago Municipal Code that found a gas station was a public way? I believe you're referring to People v. Dexter. Not the vehicle code, the Chicago Municipal ordinance. Well, Your Honor, I'm not sure, but I do know that there's been several Illinois appellate court cases, People v. Pew, People v. Wicks, in which a public way. Are those municipal ordinance cases? On the term public way itself. No, I'm just talking about this Chicago Municipal ordinance and the definitions applied to this Chicago Municipal ordinance under which the Chicago Police Department and this police officer assume the authority to arrest a man standing on a parking lot in a gas station. Well, the Chicago Municipal Code does list what a public way is, and we believe that they don't exclude. If we went your way, we would be setting a precedent that standing around on a gas station parking lot leaves you liable to be arrested by the police if you're, I don't know, doing something. No, I believe that the CMC is ambiguous. Even if the owner of the property doesn't call and have you arrested. Right, but we know within this situation that the owner had called the police numerous times. Well, did the state support that theory with evidence? Well, the officer did testify. Was he arrested for trespassing? He was not. Okay. He was arrested for drinking on a public way. Okay, so you can't show me a case under this Chicago Municipal ordinance that says, besides all those definitions, in the ordinance, oh, a gas station parking lot is a public way under all circumstances, under some circumstances, under one circumstance. But I can show you how the CMC doesn't specifically list that gas station parking lots can't be considered a public way. I think that's my main contention here. And also, there are certain cases or statutes in Illinois where they define the term public way. I'm not asking about statutes. I'm asking about this municipal code, because this municipal code was the apparent authority that this officer used to arrest this man. And I couldn't find anything, so I'm just asking if your research, you know, pulled anything up. Well, other than the actual definition in the term that they use for a public way in the municipal code, I was not able to find anything. Okay. So why is this a thoroughfare? Well, we believe that taking the totality of the circumstances, the 24 hours, the ingress and egress. I have an apartment building, and there's a parking lot, and it's a privately owned apartment building. Right. And there's 24 hours ingress and egress. People can come in that lot day and night. In this particular case, it was a business. It's a business. It's apartments. It's apartments. It's a business. Say there's stores on the first floor. Okay. So people can come and buy something at the first floor stores. There's a barbershop and whatever. Does that turn into a public thoroughfare? We're not arguing that this particular gas station was a public thoroughfare. We do argue that the factors in conjunction show that a reasonable person could have made the mistake in thinking that it was a public way in that situation. Well, how would they make a mistake? I mean, if a police officer doesn't know the difference between public and private, that's a pretty clear definition. I mean, how can a police officer not know whether something is public or private? He had to know that this was private because he'd been called there before. And to answer your question, I would look at the case, People v. Pew, which is a 1st District, Illinois, public court case in which a victim was walking through a private parking lot. She was kidnapped and beaten. The defendant was subsequently charged with battery, which was enhanced to an aggravated battery. The crime occurred in the private parking lot, but under that aggravated battery statute. Well, that's not under the Chicago ordinance. It's apparent authority for a police officer to arrest somebody who is shooting a gun on a gas station parking lot. It's an Illinois state statute that says you can't shoot a gun. I mean, there's a difference between this ordinance. It's a very specific ordinance. And we're not arguing that. So you can't expand that ordinance. The different terms of public way, depending on the certain crime that's being committed, could lead to an officer making a reasonable mistake in thinking that the defendant was actually shooting on a public way. You keep using the word public way, but that begs the question. Because you agree that it has to be one of these specific terms that are used to define public way, right? I would agree. Okay. And we know it's not a sidewalk, right? We do. Or a street, or an alley, or a highway. We do. Now, how is a gas station lot like a sidewalk, a street, an alley, or a highway? Because it says, or other public thoroughfare. Or other public thoroughfare. So it's saying that this has to be like the others. So how is this like a sidewalk, or a street, or an alley, or a highway when it's private property? It's not public. I mean, right there, it's got to hit the officer right between the eyes. This is private. He knows that's private. And I believe the accessibility to the public, the fact that it's a place of public. Well, everything's accessible to the public. I mean, my house, my driveway is accessible to the public, right? They could drive in my driveway and back out. Right, only when you invite somebody in here. No, I don't have people back up in my driveway. You know, they come down, they see they're going the wrong street, they drive in my driveway and back out. We believe that a gas station parking lot is inherently different from a driveway or a private parking lot. Well, for example, this defendant, the suspect, was drinking. He wasn't doing anything that was inherently dangerous. So there was nothing that really stopped the officer from going into the office of the gas station and saying, hey, that guy's drinking in your parking lot and you want me to have him cut it out. I mean, there are other alternatives for this officer besides immediately going to arrest. And that's the office. And I think that that's part of what bothers me. And as the officer testified, he had numerous calls before from the gas station owner complaining of people bootering, drinking in the parking lot. But not this particular person. Not this particular person. Not this particular night. And not this particular night. Right. But we do feel that all of these things in totality leads to a reasonable officer under the Fourth Amendment. But he wasn't arrested for trespass. He wasn't. He was arrested for drinking on the public way. Okay. But we do feel that even though he was arrested for drinking on the public way, the evidence in which the drugs that were found on the defendant should not have been quashed or suppressed and we believe that the trial court made the proper ruling in the decision that they made on the trial level. In conclusion, we would argue that cases like Dexter, Pugh, Gaten, Hine, they all lead to a reasonable person making a mistake in these different terms, different ways people define public way, how different Illinois statutes have public way as an aggravated battery or public way while drinking. In the totality, it can confuse anybody. What about Justice Mason's question regarding real whining? Does that have any relevance here? We believe that this case is a mistake of law. The biggest difference is the reasonable mistake that this officer made as opposed to the whining case. We believe that in our situation that all of the factors combined, combining them together, show that anybody could have made this mistake. As I said before, the 24-hour gas station, the ingress, egress, the location of the defendant within the gas station, he wasn't near the store clerk or by the gas pumps pumping gas. He was near the vacuum cleaner. He was away from the station by parked cars. And while we don't know the actual location within this gas station, we do know that usually vacuum cleaners are away from the gas station and near the sidewalk where the public is. So we would say that all of these things can be aggregate. It occurs to me that you might want to have it both ways. You started out by saying the parking lot was a public way at the time. And now you're saying, oh, but the officer made a reasonable mistake. It was a public way, but he was mistaken. Which one do you want to support? So the purposes of drinking on the public way, we do not believe that the gas station was a public way. Well, that's what you said. You started out saying the parking lot was a public way at the time. Well, I was mistaken. I'll strike that. But we do not believe that the gas station was a public way. Okay. We do believe that the officer reasonably believed that the defendant was drinking on the public way. Well, then why did we have that whole discussion about the statutes that define what a public way is? Because of this, the officer's reasonable belief in thinking that it was a public way at the time. Okay. If there are no more questions, I ask that you confirm the defendant's conviction and sentence. Thank you. Ms. Anderson? Thank you, Your Honor. I have just a few brief points on rebuttal. First, the state has argued repeatedly that this gas station is somehow special and different, and it was reasonable for the officer to think that under the circumstances, this gas station was part of the public way, even though it clearly wasn't. But they've cited absolutely no authority that supports their argument that a gas station parking lot is somehow different than all other parking lots, to the point where the officer's mistaken belief was reasonable. And, secondly, as for reasonableness, the touchstone of the Fourth Amendment and Hyen in general is reasonableness. And, overall, the fact pattern here shows that the officer's actions overall were inherently unreasonable. This is a group of officers that pulled into a gas station parking lot and immediately searched several people who were just standing there, despite receiving no complaints and despite no evidence that these guys were doing anything other than just standing there peacefully in a group. They immediately searched two of them, my client being one of them. The results of the search against the other defendant were suppressed because the search was not reasonable. The only difference between my client and the co-defendant were the fact that my client was holding a beer. But, as we've already discussed, that legally should not have made a difference because he was not on the public way. And the state has not persuasively explained why the officer's mistaken belief was reasonable, especially when we consider the clear language of the municipal code and the police directives. We ask this Court to hold that Officer Robert's search was unreasonable and vacate Mr. Brown's conviction for possession of one pill of a controlled substance. Thank you. Thank you. Okay. I want to say I think this is the first case ever to come in on time. You did 30 minutes. Right. Exactly. All right. Thank you. I'll concur on that. And thank you for your excellent briefs, your arguments here this morning, and we will take the case under advisement.